IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cory Mosby,                                    Case No. 4:10 CV 2924

                Petitioner,          MEMORANDUM OPINION
                                              AND ORDER

        -vs-

                                     JUDGE JACK ZOUHARY

J. T. Shartle,

                Respondent.

## INTRODUCTION

This matter comes before the Court on *pro se* Petitioner Cory Mosby's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241 (Doc. No. 1).  Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), filed this action against Respondent F.C.I. Elkton Warden J. T. Shartle.  Petitioner seeks an order vacating his conviction for possessing a firearm in furtherance of drug trafficking.

## BACKGROUND

The Seventh Circuit set forth the factual background in *United States v. Mosby*, 541 F.3d 764 (7th Cir. 2008).  Briefly, Peoria Police Department conducted a narcotics surveillance of Petitioner's apartment.  Petitioner left the apartment carrying a plastic garbage bag, and after a short walk entered a black minivan.  A stop and search of the minivan, in which Petitioner was a passenger, revealed drugs and a gun located under the passenger seat.  Police later found another gun in Petitioner's apartment.  *Id.* at 765–766.

Petitioner was indicted for possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). *Mosby v. United Stated States*, 2010 WL 2891675, at *1 (C.D. Ill. 2010). A jury found him guilty on all three charges. *Id.* The court sentenced him to a total of 262 months imprisonment on the drug charge and felon in possession, plus a consecutive term of 60 months on the Section 924(c) count. Petitioner appealed, challenging the district court's denial of his motion to suppress evidence. *Mosby*, 541 F.3d at 767. The Seventh Circuit affirmed his conviction. *See Mosby*, 541 F.3d at 764.

In July 2009, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the District Court of Illinois, contending that his counsel provided ineffective assistance. *Mosby*, 2010 WL 2891675, at*1. The district court denied the motion, finding the challenges he presented did not result in a reasonable probability that the outcome of the trial would have been different. *Id.*

Petitioner now asserts, for the first time, that he was wrongly convicted of possession of a firearm in furtherance of drug trafficking in violation of Section 924(c). Petitioner concedes he was arrested in a vehicle where drugs were uncovered. He argues, however, that the gun found in his residence could not be in furtherance of drug trafficking because the drugs were in a vehicle miles away from the residence.

Petitioner maintains this Court has jurisdiction to address his claim because his remedies under Section 2255 are inadequate and ineffective. Petitioner cites *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999) and *Bousley v. United States*, 523 U.S. 614 (1998) to argue he is "actually innocent" of the

2

Section 924(c) conviction, which would allow him to bring this claim. Without offering more, Petitioner asserts this Court's jurisdiction attaches simply because a constitutional error has resulted in his conviction, and he is actually innocent of the crime for which he is now serving time.

## INITIAL REVIEW

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. 2002). At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Because Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by counsel. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). For the reasons set forth below, however, the Petition lacks merit and is denied.

## DISCUSSION

### Procedural Default

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the sentencing court under Section 2255. *Charles,* 180 F.3d at 756. Yet, pursuant to the "savings clause" in Section 2255, a federal prisoner may bring a Section 2241 claim challenging his conviction or sentence, if it appears that the remedy afforded under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Charles,* 180 F.3d at 756. However, a federal prisoner may not utilize the "safety valve" provision of Section 2255 to challenge his conviction and sentence under Section 2241, "if it appears that the applicant has failed to apply for relief, by [a Section 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality

3

of his detention." § 2255. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles,* 180 F.3d at 758.

While Petitioner has previously availed himself of the remedies provided by Section 2255, raising ineffective assistance of counsel, he has not established why it is now inadequate for his wrongful conviction claim. Section 2255 is not considered inadequate or ineffective merely because a Section 2255 motion has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), or because Petitioner is procedurally barred from pursuing relief under Section 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997), or because he has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). None of these obstacles establish that this Petitioner's failure to file another Section 2255 motion is either inadequate or ineffective.

**Actual Innocence**

Petitioner argues that the firearm found in the apartment was used to convict him of possessing a firearm in furtherance of drug trafficking in violation of Section 924(c). Petitioner asserts constitutional error has resulted because, in order for the firearm to provide the appropriate nexus to the drug crime, it would require Petitioner to have the firearm on his person or close by in order to protect the drugs. Although Petitioner concedes that the firearm found in the apartment belonged to him, and he does not contest that another firearm was found under the passenger seat of the minivan, he claims that he is actually innocent of Section 924(c).

Although Petitioner attempts to use Section 2241 to circumvent his procedural default under Section 2255 by raising an "actual innocence" claim, that scenario was addressed in *Bousley*. In *Bousley,* the Court stated that despite petitioner's procedural default, "petitioner's claim may still be

reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley,* 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  The Court commented, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623.  The Court further held that "actual innocence means factual innocence, not mere legal insufficiency." *Id.*

Here, Petitioner's argument is one of legal insufficiency, not factual innocence.  Petitioner concedes that the firearm found in the residence belonged to him (Doc. No. 1 at 3).  But more importantly, Petitioner was convicted on the Section 924(c) count for the weapon found under the passenger seat of the minivan, not the weapon found in the apartment (see docket for Case No. 06 CR 10072, C.D. Ill.; Trial Tr. at 149–58).  The factual record appears to be complete.  Petitioner does not claim the record is factually incorrect, nor does he assert that new facts or evidence need to be considered.  Petitioner's actual innocence claim is not well-taken.

### CONCLUSION

Based on the foregoing, this Petition is dismissed pursuant to 28 U.S.C. § 2243.  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____ s/ *Jack Zouhary* _____
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 29, 2011

5